■ In the Matter of JENNIFER ANN W., a Child Alleged to be Neglected. (Appeal No. 1.) [605 NYS2d 698] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: One month after respondent father's child was born in September 1989, respondent was incarcerated. The child lived with her mother until January 1990 when, because of the mother's drug addiction, the child was adjudicated neglected and placed in foster care. Respondent was not a party to that proceeding but, upon learning of the child's placement in foster care, wrote a series of letters to petitioner inquiring about the child's well-being. Petitioner did not respond until June 1990, at which time respondent was advised that he would be unable to have contact with the child until he obtained an order of filiation. Although still in prison, respondent retained counsel and successfully obtained such order.

After being released from prison in March 1991, respondent was advised to petition for custody and visitation, largely due to petitioner's disinclination to facilitate respondent's contact with the child. There was no hearing on that petition, but respondent was granted supervised visitation of one hour per week. Thereafter visitation was increased to two hours per week and, upon respondent's petition, to weekend visits. In January 1992, respondent was arrested for grand larceny and parole violation and was re-incarcerated. It was only after being returned to prison that respondent received from petitioner a service plan for the child. When petitioner learned that respondent had been again incarcerated, it abandoned any further effort to establish a relationship between respondent and his daughter and brought this proceeding to terminate respondent's parental rights on the ground of permanent

neglect. After a lengthy hearing, the court dismissed the petition because of petitioner's failure to establish by clear and convincing evidence that it had diligently attempted to foster a father-daughter relationship and that respondent had failed to plan for the child's future.

The threshold question in a neglect proceeding "is whether the child care agency exercised diligent efforts to strengthen and nurture the parent-child relationship (Matter of Jamie M., 63 NY2d 388; Matter of Sheila G., 61 NY2d 368)" (Matter of Gregory B., 74 NY2d 77, 86). Petitioner's efforts were minimal and less than diligent. Petitioner made no attempt to include respondent in the child's life, despite its early knowledge that he was the child's father. Petitioner was dilatory in answering respondent's numerous inquiries, and when it finally did respond it merely informed respondent that he would need an order of filiation in order to see the child. It was only by respondent's own efforts that he was granted visitation rights. Thereafter, although petitioner did provide transportation, it offered no counseling; respondent himself was able to obtain counseling as part of his parole program. Petitioner neglected to consult with respondent about the child's future and made no attempt to help respondent develop plans for that future. Petitioner did not produce a service plan for respondent until nine months after he had petitioned for visitation and custody.

Petitioner's excuse that no further efforts were required because respondent is a career criminal lacks support in the record. Significantly, the caseworker instituting this proceeding had no knowledge that respondent had a criminal record when the petition was brought. It is apparent that petitioner neglected throughout to make a diligent and meaningful effort to strengthen and nurture this parent-child relationship, and the court properly dismissed the petition.

The court erred, however, in prematurely awarding respondent custody of the child and in dismissing the petition for an extension of placement. A custody and placement determination is inappropriate until there has been a hearing to determine the best interests of the child (see, Matter of Amber W., 105 AD2d 888, 891-892; see also, Family Ct Act § 1055 [b] [ii]; Matter of Jessica UU., 174 AD2d 98, 102).

We have examined petitioner's other contentions and find them to be without merit.

In appeal No. 1, the third ordering paragraph of the order is stricken. In appeal No. 2, the order is reversed and the matter

is remitted to Family Court for such hearings as may be appropriate regarding custody and placement of the child. (Appeal from Order of Erie County Family Court, Honan, J.—Permanent Neglect.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.