■ ˙ In the Matter of JAWAN Y., a Child Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT T., Appellant. [710 NYS2d 209] —Mugglin, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered April 14, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected.

Respondent seeks reversal of an order finding his son, Jawan Y. (hereinafter the child), permanently neglected. The child was born in 1992. His mother voluntarily placed him with petitioner on March 31, 1997 and her parental rights were terminated in August 1998. Respondent testified that he learned that he might be the child's father in late 1992 or 1993. Nevertheless, he has never seen or spoken with the child,

which fact he attributes to his drug addiction prior to 1994 and his incarceration from 1994 to 1998 for his conviction of a sex offense involving a child.

In August 1997, petitioner contacted the child's mother but she refused to inform him where he could locate the child. Thereafter, respondent contacted petitioner but was informed that no information could be furnished to him until he established paternity. Respondent filed a paternity petition in 1997 but subsequently withdrew it. Paternity was finally established in August 1998, after respondent had been reincarcerated on July 31, 1998 for violating the terms of his parole. Respondent's custody proceeding was dismissed without prejudice due to his incarceration.

Petitioner commenced this permanent neglect proceeding in October 1998. It is well settled that the initial inquiry in any such proceeding is whether the agency, as required by Social Services Law § 384-b (7) (a), has met its burden of demonstrating that it made diligent efforts to encourage and strengthen the parental relationship (see, Matter of John F., 221 AD2d 858, lv denied 88 NY2d 811). If it has not, then inquiry concerning exceptions to this requirement must be made. Only if the agency succeeds in establishing that diligent efforts were made or that such efforts are excused under an exception does the court need to determine whether the parent has failed for more than one year after the child is placed with the agency to maintain contact with the child or plan for the future of the child, a two-fold requirement permitting a finding of permanent neglect if the parent defaults in either (see, Matter of Gregory B., 74 NY2d 77, 86; Matter of Star Leslie W., 63 NY2d 136, 142).

The exceptions which negate the necessity for the agency to show that they have made diligent efforts to encourage and strengthen the parental relationship are: (a) when such efforts would be detrimental to the best interest of the child (see, Social Services Law § 384-b [7] [a]), (b) when the parent has failed for a period of six months to keep the agency apprised of the parent's location (see, Social Services Law § 384-b [7] [e] [i]), and (c) when an incarcerated parent has failed on more than one occasion to cooperate with the agency in efforts to assist the parent in planning for the future of the child or in efforts to plan and arrange visits with the child (see, Social Services Law § 384-b [7] [e] [ii]).

The paucity of the proof in the record concerning petitioner's diligent efforts to promote and encourage a parental relationship support respondent's contention that absolutely no such

effort was made. Likewise, the record evidence supports the conclusion that no exception has been satisfied. Our examination reveals that no admissible evidence concerning the child's best interest was received. The sole statement on this issue was hearsay, which Family Court allowed over objection, on the narrow issue concerning the operation of the witness's mind as it may bear on the issue of credibility.

Next, there is no evidence in the record that respondent failed for a period of six months to keep the agency apprised of his location. The record is silent as to whether petitioner learned of respondent's status as the child's father at the time the child was surrendered to them. Indeed, the record reflects that respondent's initial inquiries concerning visitation were rebuffed until he could establish paternity. When he eventually accomplished this in August 1998, within two months petitioner sought to have the child declared permanently neglected by respondent. Said differently, petitioner has not shown that it did not know of respondent's location during any of this period of time after the child was placed with it. Additionally, there is no evidence in the record that, while incarcerated, respondent failed on more than one occasion to cooperate with petitioner in any efforts petitioner made to assist respondent in planning for the future of the child or in planning and arranging visits with the child.

Petitioner having failed to establish that it used diligent efforts to strengthen the parental relationship between respondent and his child and having further failed to establish that any of the exceptions to this requirement are applicable, Family Court should not have adjudicated that the child was permanently neglected by reason of respondent's failure to maintain contact with or plan for the future of the child for a period of one year or more (*see, Matter of John F., supra*).

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.