■ In the Matter of ERICKA M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. [727 NYS2d 234] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in granting the petition seeking to terminate respondent's parental rights on the ground of permanent neglect (*see,* Social Services Law § 384-b [4] [d]; [7] [a]). It is well settled that, "[w]hen a child-care agency has custody of a child and brings a proceeding to terminate parental rights on the ground of permanent neglect, it must affirmatively plead in detail and prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family" (*Matter of Sheila G.,* 61 NY2d 368, 373). The agency is required to "determine the particular problems facing [the] parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (*Matter of Sheila G., supra,* at 385). "Only when this duty had been deemed satisfied may a court consider and determine whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child" (*Matter of Sheila G., supra,* at 373).

Here, petitioner admitted that there was no plan to return the child to respondent and that it developed a service plan only for the child's mother. Petitioner never followed up on its request that respondent submit to drug screening and, in fact, respondent passed a drug screening in December 1999. The only home visit was conducted at respondent's request, and petitioner never advised respondent that his living arrangements were unacceptable. Petitioner further failed to establish that any of the statutory exceptions are applicable (*see*, Social Services Law § 384-b [7] [a]). Thus, "[t]he paucity of the proof in the record concerning petitioner's diligent efforts to promote and encourage a parental relationship support[s] respondent's contention that absolutely no such effort was made" (*Matter of Jawan Y.*, 274 AD2d 696, 697-698), and the petition must be dismissed. (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Wisner, Hurlbutt, Burns and Lawton, JJ.