■ In the Matter of SHI'ANN FF., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WELLING GG., Appellant. [850 NYS2d 678]—

Mercure, J.P. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered October 2, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

In 2002, petitioner removed the subject child (born in 2000) from her mother's custody and placed the child in foster care after the mother admitted smoking crack cocaine in the presence of the child, and then was arrested and incarcerated. Respondent, the child's father, was also incarcerated at that time and remained so until December 2006. Notwithstanding his incarceration, it is undisputed that respondent maintained contact

with the child—seeking and obtaining regular visitation, speaking to the child by telephone on a weekly basis, sending the child more than 200 cards and letters, and providing the foster parents with money to purchase gifts for the child and to cover the expense of his telephone calls. During the relevant time period, respondent also agreed with petitioner's plan for the child, which was reunification with the mother.

Nevertheless, in November 2004, petitioner sought to terminate respondent's parental rights based on permanent neglect. The mother surrendered her parental rights on the day of the fact-finding hearing in March 2006. Thereafter, Family Court adjudicated the child to be permanently neglected by respondent and, following a dispositional hearing in June 2006, the court terminated respondent's parental rights and freed the child for adoption. Respondent appeals and we now reverse.

The threshold inquiry in a permanent neglect proceeding is whether the petitioning agency has met its statutory duty to exercise "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d 944, 945 [2007]). For incarcerated parents, diligent efforts must generally " 'include counseling, making suitable arrangements for visitation, . . . and advising the parent[s] at appropriate intervals of the child's progress and development' " (*Matter of Gregory B.*, 74 NY2d 77, 86 [1989], quoting *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *see* Social Services Law § 384-b [7] [f]). While the agency is not required to demonstrate diligent efforts "when an incarcerated parent has failed on more than one occasion to cooperate with the agency in efforts to assist the parent in planning for the future of the child or in efforts to plan and arrange visits with the child" (*Matter of Jawan Y.*, 274 AD2d 696, 697 [2000]; *see* Social Services Law § 384-b [7] [e] [ii]), in our view, petitioner has failed to establish either that it fulfilled the diligent efforts requirement or that the exception to that requirement is applicable here.

Although petitioner did arrange for visitation and kept respondent apprised of the child's progress and service plans, it was only through respondent's pro se legal efforts—which were stymied by petitioner's instructions to withdraw his initial petition for visitation and file it in an incorrect county—that he was awarded visitation with the child. Moreover, prior to the filing of the petition against respondent, petitioner's service plan reflected its goal of reuniting the child with the mother. Respondent agreed with that plan, and it was not until after the filing of the petition that he was advised that reunification with the

mother was no longer possible and that he must develop an alternate plan for the child. Under these circumstances, it cannot be said that petitioner made diligent efforts to encourage and strengthen the parental relationship prior to filing the permanent neglect petition (*see Matter of Ericka M.*, 285 AD2d 986, 987 [2001]; *Matter of Latasha F.*, 251 AD2d 1005, 1007-1008 [1998]; *Matter of Jennifer Ann W.*, 198 AD2d 881, 882 [1993]). Furthermore, in light of petitioner's concessions that respondent "religiously" maintained contact with the child and that he agreed with the permanency plan proffered by petitioner prior to the filing of the petition, it cannot be said that he failed "to cooperate with the agency in efforts to assist the parent in planning for the future of the child or in efforts to plan and arrange visits with the child" such that diligent efforts were not required (*Matter of Jawan Y.*, 274 AD2d at 697; cf. *Matter of Antonio EE. v Schoharie County Dept. of Social Servs.*, 38 AD3d at 945-946).*

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

* Given our determination that petitioner has not established diligent efforts or an exception, we need not address its argument that respondent failed for more than one year to plan for the child's future (*see Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Shiann RR.*, 285 AD2d 762, 765 [2001]). Finally, we note that while our decision is grounded in the long established, "strong public policy that before the [s]tate may terminate parents' rights it must first attempt to strengthen familial ties" (*Matter of Sheila G.*, 61 NY2d at 383 [citations omitted]), nothing in our decision should be construed as prohibiting petitioner from commencing a new proceeding pursuant to Social Services Law § 384-b if circumstances that have developed since the filing of the November 2004 petition so warrant.