In the Matter of ROBERTO C., JR., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERTO C., Respondent; BRIAN W. et al., Intervenors-Respondents. MICHAEL N. KALIL, ESQ., Law Guardian, Appellant. [889 NYS2d 339]—

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered December 29, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order dismissed the petition seeking to terminate the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The Law Guardian appeals from an order dismissing without prejudice a petition seeking the termination of respondent father's parental rights pursuant to Social Services Law § 384-b (4) (d) on the ground of permanent neglect. The Law Guardian contends that Family Court erred in finding that petitioner failed to establish that it made the requisite diligent efforts to encourage and strengthen the father's parental relationship with the child (§ 384-b [7] [a]), and that, in any event, petitioner was not required to satisfy the diligent efforts standard because the father, who is incarcerated, failed to cooperate with petitioner's efforts to assist him in planning for the child's future (§ 384-b [7] [e] [ii]). We reject the Law Guardian's contentions.

The court properly determined that petitioner failed to use diligent efforts to strengthen and encourage the father's parental relationship with the child (*see generally Matter of Gregory B.*, 74 NY2d 77, 86 [1989], *rearg denied* 74 NY2d 880 [1989]; *Matter of Alaina E.*, 59 AD3d 882, 884 [2009], *lv denied* 12 NY3d 710 [2009]; *Matter of Jonathan R.*, 30 AD3d 426 [2006], *lv denied* 7 NY3d 711 [2006]). Because the father was incarcerated and the father's parents were initially rejected as a resource, the permanency planning goal was to return the child to the mother. The father was in agreement with that goal, and petitioner's efforts consequently were directed toward reuniting the child with the mother. With respect to the father, petitioner merely implemented visitation between the father and the child, and provided the father with permanency hearing reports setting forth the mother's progress (*see Matter of Shi'ann FF.*, 47 AD3d 1133 [2008]; *Matter of Joseph Jerome H.*, 224 AD2d 224 [1996]; *cf. Matter of Amanda C.*, 281 AD2d 714, 715-716 [2001], *lv denied* 96 NY2d 714 [2001]).

We reject the Law Guardian's contention that petitioner was not required to use diligent efforts to encourage and strengthen the father's parental relationship with the child because the father failed to cooperate with petitioner's efforts to assist him in planning for the child's future (*see* Social Services Law § 384-b [7] [e] [ii]; *Matter of Jose Q.*, 58 AD3d 956, 957-958 [2009]). Although the father initially had agreed with the permanency planning goal of returning the child to the mother, it thereafter became apparent that the goal was no longer feasible. At that time, the father presented his parents as a custodial option, and petitioner then found the father's parents to be appropriate as a custodial resource for the child. Thus, contrary to the Law Guardian's contention, the father did not fail to cooperate with petitioner in planning for the future of his child. Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.