■ In the Matter of JASMINE F., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 1.) In the Matter of TIMOTHY G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 2.) In the Matter of SUMMER G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 3.) In the Matter of TIMOTHY G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY F., Appellant. (Proceeding No. 4.) In the Matter

of SUMMER G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY F., Appellant. (Proceeding No. 5.) [903 NYS2d 565]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered January 13, 2009, which, in proceeding Nos. 1, 2 and 3 pursuant to Social Services Law § 384-b, granted petitioner's motion for partial summary judgment, (2) from an order of said court, entered January 14, 2009, which, in proceeding Nos. 4 and 5 pursuant to Social Services Law § 384-b, granted petitioner's motion for partial summary judgment, and (3) from an order of said court, entered March 5, 2009, which granted petitioner's applications, in five proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Based on respondents' history of drug abuse and domestic violence, Family Court found in August 2007 that their three children (born in 2001, 2004 and 2007)[1] were neglected, and the children were continued in foster care where they had already been for several months. Respondents were ordered to comply with various conditions, including rehabilitation programs and refraining from using controlled substances. Alleging that they failed to comply with those conditions, violation petitions were filed as to each respondent in June 2008 and, while those petitions were pending, permanent neglect petitions were filed in September 2008. After a hearing on the violation petitions, Family Court rendered decisions in October 2008 finding clear and convincing evidence that each respondent had failed to complete required programs and had continued to use controlled substances. Significantly, in each decision on the violation petitions, Family Court also held that "[petitioner] has established here by clear and convincing evidence that [each] respondent has failed to address the shortcomings that led to the removal of [his or her] children and has thereby failed to have a plan for the children's future." Relying on these findings, petitioner

---

1. While respondent Jeffrey G. is the father of all three children, respondent Amy F. is the biological mother of the two youngest. Her sister gave birth to the oldest, but eventually surrendered her parental rights and Amy F. reportedly acted as the child's mother.

moved for partial summary judgment in the pending permanent neglect proceedings. The motions were opposed on numerous grounds, including that the violation petitions had not alleged a failure to plan and that a judicial determination regarding diligent efforts by petitioner had not yet been made. Family Court nevertheless granted the motions, holding that "[t]he only issue that remains is whether [petitioner] made diligent efforts to encourage and strengthen the parental relationship." Family Court found such diligent efforts following a hearing and ultimately terminated respondents' parental rights. Respondents appeal.

There is merit to respondents' argument that partial summary judgment was improperly granted. The two elements that an agency seeking to establish permanent neglect must prove are: " 'first, that it made diligent efforts to strengthen the parent-child relationship and, second, that despite those diligent efforts, the parent has failed to maintain contact with the child or participate in plans for the child's future for one year after the agency has been charged with the child's care' " (*Matter of Jose Q.*, 58 AD3d 956, 957 [2009], quoting *Matter of Gerald BB.*, 51 AD3d 1081, 1083 [2008], *lv denied* 11 NY3d 703 [2008]). The second element of the permanent neglect analysis (i.e., lack of contact or failure to plan) cannot be decided as a matter of law before the first element (i.e., diligent efforts) has been addressed.[2] Indeed, the Court of Appeals has held that proof that petitioner "discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship [is] 'a *threshold consideration* and a *necessary prerequisite* to any determination of permanent neglect' " (*Matter of Jamie M.*, 63 NY2d 388, 390 [1984] [emphasis added], quoting *Matter of Sheila G.*, 61 NY2d 368, 386 [1984]; *see Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). "Only when this duty has been deemed satisfied may a court consider and determine whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child" (*Matter of Sheila G.*, 61 NY2d at 373). Stated another way, a parent's contacts or planning regarding a child—who necessarily has been in petitioner's care for more than one year (*see* Social Services Law § 384-b [7])—cannot be fairly assessed until petitioner establishes the efforts it made to permit and facilitate such contacts or planning.

---

2. There is no contention that the current case falls within one of the exceptions where diligent efforts are not required (*see Matter of Jawan Y.*, 274 AD2d 696, 697 [2000]), and petitioner made no application to be excused from this obligation (*see* Social Services Law § 384-b [7]).

Here, the second element was decided as a matter of law before petitioner presented any proof or made any application to Family Court regarding its diligent efforts. This was error. Moreover, the earlier findings regarding the second element—upon which petitioner's successful motions for partial summary judgment were granted—were made in the context of violation proceedings where the issue of failure to plan had not been alleged and was not a proper one for determination. Since the law establishes that the issue of a parent's contact with or planning for a child cannot be dispositively decided before the issue of diligent efforts has been addressed, the procedure used here was defective, and the error in such regard cannot, under these circumstances, be considered harmless. The orders granting partial summary judgment must therefore be reversed. The permanent neglect determinations were premised, in significant and integral part, upon those orders. Accordingly, the order granting the permanent neglect petitions must also be reversed and the matters remitted for a new hearing before another judge.

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the orders entered January 13, 2009 and January 14, 2009 are reversed, on the law, without costs, and motions denied. Ordered that the order entered March 5, 2009 is reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision before a different judge.