■ In the Matter of LINDSEY BB. and Another, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RUTH BB., Appellant. (Proceeding No. 1.) In the Matter of LINDSEY BB. and Another, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK BB., Appellant. (Proceeding No. 2.) [916 NYS2d 356]—

Mercure, J.P. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered December 10, 2009 and March 4, 2010, which, among other things, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and suspended judgment thereon.

Respondents are the parents of a daughter (born in 1992) and a son (born in 1994). In prior decisions, this Court affirmed Family Court orders adjudicating the children to be neglected (*Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d 1205 [2010]), and holding respondents in willful violation of dispositional orders (*Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162 [2010]). We concluded, however, that Family Court had erred in granting petitioner's application to be relieved of its obligation to make reasonable efforts to reunite the children with respondents (*id.* at 1164-1165). While the appeals were pending, petitioner commenced these permanent neglect proceedings, and moved the children from a foster home in New York to a kinship foster care placement in Florida. Respondents moved for, among other things, the return of the children to Columbia County, asserting that the placement of the children in Florida interfered with visitation and petitioner's obligation to exercise diligent efforts.

Noting its previous determination—which has since been reversed—that diligent efforts at reunification were not required, Family Court found that respondents permanently neglected the children. The court denied respondents' motion to return the children from Florida. Following a dispositional hearing, Family Court determined that a suspended judgment was appropriate. Respondents appeal, and we now reverse and remit.

"[T]he threshold nature of the diligent-efforts requirement is evinced by the language of the statutes defining 'permanent neglect' and governing the procedure for an adjudication of permanent neglect" (*Matter of Sheila G.*, 61 NY2d 368, 384 [1984]). As a prerequisite to any determination of permanent neglect, the petitioner must show that it met its duty to exercise "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Jamie M.*, 63 NY2d 388, 390 [1984]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). In that regard, the Court of Appeals has held that "the degree to which a parent has upheld his or her obligations to [the] children cannot be meaningfully measured when the agency itself has not undertaken diligent efforts on behalf

of reuniting parent and child" (*Matter of Sheila G.*, 61 NY2d at 385). That is, "a parent's contacts or planning regarding a child . . . cannot be fairly assessed until petitioner establishes the efforts it made to permit and facilitate such contacts or planning" (*Matter of Jasmine F. [Jeffrey G.]*, 74 AD3d 1396, 1398 [2010]).

Here, Family Court based its finding of permanent neglect on respondents' refusal to cooperate with petitioner in complying with the terms of the court's dispositional order dated September 8, 2008, concluding that the failure to cooperate lasted through December 2009. We note, however, that "to fault parents for a lack of cooperation presupposes that the agency has fulfilled . . . its own statutory obligations to strengthen the parental relationship" (*Matter of Jamie M.*, 63 NY2d at 394). Family Court relieved petitioner of its duty to make diligent efforts to reunite the family on February 11, 2009. Petitioner concedes that it did not make diligent efforts after that date— i.e., the time period during which Family Court found that respondents neglected the children. Indeed, petitioner admitted in its reply to respondents' motion to return the children to New York that, having been relieved of its diligent-efforts obligation, it moved the children to Florida without contacting respondents. Accordingly, inasmuch as Family Court's finding of permanent neglect is based upon respondents' conduct during a period (February 2009 to December 2009) in which petitioner concededly made no effort to engage respondents in services, it must be reversed (*see Matter of Jamie M.*, 63 NY2d at 394-395; *Matter of Jasmine F. [Jeffrey G.]*, 74 AD3d at 1399). Respondents' arguments regarding contact or visitation are appropriate matters to be raised upon remittal for a new hearing regarding their son, who remains under the age of 18. Respondents' arguments regarding their contempt motion are not properly before us.

Spain, Rose, Lahtinen and Garry, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.