OPINION OF THE COURT
Frank S. Cook, J.
Before the court is a motion filed by the Oneida County Department of Social Services (the Agency) pursuant to Family Court Act § 1039-b seeking to dispense with the Agency having to exercise reasonable efforts to return the child to his or her home pursuant to New York’s adoption (L 1999, ch 7) of the Federal Adoption and Safe Families Act of 1997 (Pub L 105-89, 111 US Stat 2115). The Agency and the Law Guardian appeared on March 6, 2000 to argue their positions on the motion; the respondent failed to appear despite having been personally served with the motion papers. The issue presented for consideration by this court is whether or not the failure of the respondent to appear should result in this court entering an order granting the Agency’s motion, upon the default of the respondent, without holding a hearing on the matter. Both the Agency and the Law Guardian request that the court answer that question in the affirmative.
Pursuant to Family Court Act § 1039-b (a), the appropriate manner upon which to seek a no reasonable efforts ruling is for the Agency to “file a motion upon notice requesting a finding that reasonable efforts to return the child to his or her home are no longer required.” The statue instructs that the court shall grant such a motion where: (1) the parent of the child has subjected the child to aggravated circumstances; (2) the parent of the child has been convicted of any of a number of defined crimes; or (3) the parental rights of the parent to a sibling (including half-siblings) of such child have been involuntarily terminated. The motion may be made in conjunction with, or at any time subsequent to, the filing of a petition alleging abuse or neglect. The instant motion is being filed subsequent to a petition alleging neglect having been filed and disposed of with this court. As a result of that petition, the subject child was placed for a period of 11 months with the Oneida County Department of Social Services from January 3, 2000 until December 3, 2000.
The basis of the instant motion is an allegation that the respondent’s parental rights have been involuntarily termi *25 nated to four other children in various years. A review of the orders in each of those proceedings reveals that, pursuant to the statute, only one of the terminations satisfies the involuntary termination requirement of section 1039-b (b). Three of the four children came into the guardianship and custody of the Commissioner of Social Services, and the respondent’s rights terminated, based upon an admission of abandonment of the children by the respondent. It is the opinion of this court that such an admission does not constitute an “involuntary termination” of the respondent’s parental rights. However, the Agency’s motion is still viable in that the fourth child was terminated based upon a finding of abandonment after a hearing held. There is no statutory requirement that all terminations be involuntary, just that the parental rights of the parent to a sibling of the instant child have been involuntarily terminated. That element of proof has been established by the Agency.
The Adoption and Safe Families Act requires that the court grant applications to dispense with the requirements of reasonable efforts if any of the statutory bases are present. There is an exception to this mandate. The court does not have to grant the application if the court determines “that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future.” (Family Ct Act § 1039-b [b].) These statutorily carved out exceptions are factual in nature and, other than in rare instances, cannot be determined upon motion papers alone. (See, Matter of Keith M., 181 Misc 2d 1012 [Fam Ct, Erie County 1999] [no hearing held where 121/2-year prison sentence eliminated the possibility of reunification in the “foreseeable future”].) Absent some extraordinary reason which compels the court to find that these statutorily defined exceptions to granting a no reasonable efforts motion are not present, the more appropriate procedure is for the court to hold a hearing. At that hearing, the burden of proof shall be on the Agency to prove by clear and convincing evidence that no reasonable efforts should be required and will also allow the respondent to prove that reasonable efforts are in the child’s best interest and would likely result in reunification in the foreseeable future.
Accordingly it is hereby ordered that the petitioner’s motion, as joined by the Law Guardian, to have a default finding, without a hearing, that no reasonable efforts are required to be *26 executed by the Agency in this matter, is denied and the mat ter is placed on this court’s calendar for a hearing on the mo tion.