Matter of Edwin L. (2004 NY Slip Op 50495(U))

[*1]

Matter of Edwin L.

2004 NY Slip Op 50495(U)

Decided on June 3, 2004

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2004

Family Court, Kings County
In the Matter of EDWIN L., 
 a Child under the Age of Eighteen Years Neglected by JESSICA C., Respondent.
NA 06201/03

Bryanne A. Hamill, J.
This written decision incorporates this Court's oral decision rendered on March 18, 2004,
after conducting an evidentiary hearing.
On December 4, 2003, this Court found by clear and convincing evidence that the respondent mother Jessica C. abused and severely abused the subject child, Edwin L., pursuant to FCA Act §§1012(e)(i) and (ii) and Social Services Law §384-b(8)(a)(iii)(C), respectively. Additionally, this Court determined that the respondent mother subjected the child to aggravated circumstances, as defined in section 1012(j) of the Family Court Act.
In so finding, the Court found that the respondent mother abused Edwin L. whereby, with the intent to cause him physical injury, she caused him physical injury, including bilateral rib fractures and shortness of breath, which necessitated his hospitalization and the insertion of nasogastric and endotracheal tubes. The respondent caused such injuries on or about and between March 10, 2003 and June 1, 2003, when she dropped the infant child and also when she held up and shook the child. Further, the respondent mother severely abused Edwin L. in that she was convicted of, after a knowing, voluntary and intelligent waiver of her rights and after admission to, assault of the infant in the second degree, in violation of Penal Law §120.05(9).
Article 10 of the FCA directs the social services official to make reasonable efforts to promote family reunification when a child is removed from a parent's care. Similarly, when a child is placed into foster care, the social services official must exercise diligent efforts to assist the family in ameliorating or resolving the outstanding problems to facilitate reunification. See, Social Services Law §384-b(7).
However, section 1039-b of the FCA permits the social services official to file a motion upon notice, at any time subsequent to the filing of a child protective petition, requesting a finding that reasonable efforts to return the child to his home are not required. See, Family Court Act §1039-b(a). Section 1039-b directs this Court to determine that reasonable efforts toward reunification are not required when one of the following three conditions is found:

a.the parent has subjected the child to aggravated circumstances as defined in section 1012(j) of the FCA; or
b.the parent has been convicted of a crime enumerated in section 1039-b(b) and the child suffered serious physical injury as a result of the commission of that crime; or
c.the parental rights of the parent to a sibling or half-sibling have been involuntarily terminated.
Here, the respondent mother has subjected the child to aggravated circumstances as defined in subdivision (j) of section 1012 of the FCA, by severely abusing Edwin as defined by Social Services Law §384-b(8)(a)(iii)(C).
Furthermore, the respondent mother has been convicted of a crime enumerated in FCA §1039-b(b)(4) and the commission of that crime resulted in serious physical injury to the subject child, Edwin. On June 25, 2003, the respondent mother was convicted of assault of Edwin in the second degree in violation of Penal Law §120.05(9). During the respondent mother's plea allocution, she specifically admitted that she caused physical injury to Edwin with specific intent to cause such injury. The respondent mother also acknowledged that the subject child suffered broken ribs as a result of her actions.
"Serious physical injury" is defined under section 10.00(10) of the Penal Law as
physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the functions of any bodily organ.
Although a conviction for assault under section 120.05(9) of the Penal Law does not require serious physical injury, this Court has previously determined by clear and convincing evidence that the subject child was an abused child under section 1012(e)(i) of the FCA, which requires a finding of serious physical injury.
Thus, the Administration for Children's Services (hereinafter ACS) has established two substantive grounds for this Court to find reasonable efforts are no longer necessary.
However, pursuant to section 1039-b, reasonable efforts shall not be required "unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and child in the foreseeable future." Family Court Act §1039-b(b)(6).
The case law is unsettled as to which party must establish the "unless" clause and the applicable standard of proof, i.e. preponderance of evidence or clear and convincing evidence. What is clear is that the burden ultimately falls on the agency to demonstrate that reasonable efforts are contrary to the best interests of the subject child, and parents must be given an opportunity to present evidence as to why reasonable or diligent efforts should be required. See, Matter of Marino S., 100 N.Y.2d 361(2003).
 In the instant case, this Court need not decide these unsettled issues, insofar as ACS has established by clear and convincing evidence that reasonable efforts are contrary to the best interests of Edwin, contrary to his safety and health, and would not be likely to result in reunification in the foreseeable future.
These findings are based upon the credible evidence adduced at the evidentiary hearing, which consisted of testimony by the ACS caseworker, the agency caseworker and the respondent mother, as well as extensive documentary evidence, including the medical records of Edwin.
With respect to credibility determinations, the Court, finding the two case workers to be honest and forthright, fully credits their testimony. As to respondent mother, the Court does not substantially credit her testimony, as a result of her motive to lie, her interest in the outcome, her conviction for the crime of assault in the second degree, and her willful evasion of this Court's jurisdiction previously.
Based upon the credible evidence adduced at the hearing, this Court finds Edwin, at five months old, suffered rib fractures, shortness of breath, all requiring hospitalization and intensive medical care. His diagnosis ultimately included bilateral retinal hemorrhages, skull fracture, old rib fractures and traumatic subdural hematomas. He was intubated, placed on a respirator, and given a blood transfusion.
Now, at fourteen months of age, after months of hospitalization and rehabilitation, Edwin is relatively happy in a preadoptive home with his baby sister, wearing a helmet for his shakiness, and participating in early intervention.
This Court further finds that the respondent mother, who is only twenty-one years old , suffers from depression, a seizure disorder, very poor parental judgment, and lacks insight into her parental deficiencies. According to her own admission, she intended to injure Edwin, who was only months old and completely dependent upon her for his very survival. Despite having been engaged in various services since 2001, she caused serious physical injury to her infant in the spring of 2003. Further, she has failed thus far to follow through with appropriate and reasonable services, make any meaningful progress in her treatment, and take her antidepressant and anticonvulsant medications regularly.
In determining a 1039-b motion, the child's health and safety shall be paramount, pursuant to section 1039-b(c) of the Family Court Act. Accordingly, in light of Edwin's age and the severity of his injuries sustained while in his mother's care, in conjunction with the mother's obvious parental deficiencies, the danger of any reunification efforts here clearly outweigh any potential benefits.
Thus, the motion by ACS to enter an order finding no reasonable efforts are required is granted.
Dated: Brooklyn, New York
June 3, 2004
_______________________________
Hon. BRYANNE A. HAMILL
Judge of the Family Court