Matter of William S. (2007 NY Slip Op 27087)

Matter of William S.

2007 NY Slip Op 27087 [15 Misc 3d 669]

March 5, 2007

Hamill, J.

Family Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 30, 2007

[*1]
In the Matter of William S. and Another, Children Alleged to be Severely Abused and/or Abused. Gloria S. et al., Respondents.
Family Court, Kings County, March 5, 2007

APPEARANCES OF COUNSEL

Michael A. Cardozo, Corporation Counsel, Brooklyn (Ian Sangenito of counsel), for petitioner. Legal Aid Society, Brooklyn (Dawn Post of counsel), Law Guardian. Melissa E. Bonaldes, Brooklyn, for Gloria S., respondent.

OPINION OF THE COURT

Bryanne A. Hamill, J.
On May 30, 2006, the Administration for Children's Services (ACS) filed a motion pursuant to Family Court Act § 1039-b for entry of an order that finds that reasonable efforts to return the subject child William S. to respondent Gloria S. (respondent mother) are not required, because the court had entered a finding of severe abuse and aggravated circumstances as defined in Family Court Act § 1012 (j). The respondent requested various adjournments to respond to the motion. On September 23, 2006, respondent mother submitted opposition papers requesting a hearing on the motion. The law guardian supported ACS's motion without submitting papers. The court heard oral argument on the motion on October 2, 2006, where ACS urged this court to grant its motion without a hearing. The court subsequently scheduled the motion for a hearing, with its analysis incorporated in this written [*2]decision.

Background

On May 10, 2005, ACS filed a petition, alleging that William is an abused child, and that Xenia S. is a derivatively abused/neglected child, pursuant to Family Court Act § 1012. On February 22, 2006, with leave of this court, ACS filed an amended petition against both respondents, alleging that the subject child William is an abused child, as defined by Family Court Act § 1012 (e), and is severely abused by his mother, pursuant to Social Services Law § 384-b (8) (a) (i). The amended petition further alleges that as a result of the severe abuse of William, his two-year-old half-sibling, Xenia S., is derivatively severely abused by her parents, respondent mother and respondent father. The amended petition alleges that four-year-old William suffered multiple serious injuries, including a bone-deep laceration to his chin, multiple bruises, burns and marks about his body, all of which respondents failed to seek timely medical attention for.
On October 25, 2005, the respondent mother pleaded guilty in Kings County Supreme Court to a violation of Penal Law § 120.25, reckless endangerment in the first degree, with respect to failing to seek prompt medical treatment for William's injuries for the two-month period from March 6 to May 6 of 2005, and to a violation of Penal Law § 260.10, endangering the welfare of a child. William's stepfather, a person legally responsible for him, also pleaded guilty to a violation of Penal Law § 120.25, reckless endangerment in the first degree, and a violation of Penal Law § 260.10, endangering the welfare of a child.
On March 15, 2006, ACS filed a motion for summary judgment. ACS asserted there are no triable issues of fact as to the following: (1) William, born in 2001, is an abused child by both respondents, and as a result thereof, Xenia S., born in 2004, is a derivatively abused child by both respondents; (2) William is a severely abused child by the respondent mother, and as a result of the abuse of William by both respondents, Xenia S. is a derivatively severely abused child by the respondent mother and the respondent father; and (3) aggravated circumstances exist, as defined by Family Court Act § 1012 (j).
On April 19, 2006, this court granted ACS summary judgment, finding that based upon respondent mother's conviction for reckless endangerment in the first degree in conjunction with William's undisputed medical records which demonstrated that he was a battered child, the respondent mother, by clear and convincing evidence, abused and severely abused her son, William, pursuant to Family Court Act § 1012 (e) (i), and Social Services Law § 384-b (8) (a) (i), respectively. The court further entered an order finding that as a result of the severe abuse suffered by William, his sibling Xenia S. was derivatively abused and severely abused, pursuant to Family Court Act § 1012 (e) (i) and Social Services Law § 384-b (8) (a) (i), respectively. Further, the court found aggravated circumstances, pursuant to Family Court Act § 1012 (j), in that William and Xenia are severely abused children. (See, Matter of William S., 12 Misc 3d 1157[A], 2006 NY Slip Op 50941[U] [Fam Ct 2006].) The issue before the court is whether this court should grant ACS's section 1039-b motion without a hearing, where petitioner has established one of the statutory factors for terminating reasonable efforts.

Analysis

Pursuant to sections 1052 and 1089 of the Family Court Act and section 384-b (1) (a) (iii) of the Social Services Law, reasonable efforts must be made, and diligent efforts exercised, to strengthen and reunite families. Family Court Act § 1039-b states, in relevant part,
"(a) In conjunction with, or [*3]at any time subsequent to, the filing of a petition under section ten hundred thirty-one of this chapter, the social services official may file a motion upon notice requesting a finding that reasonable efforts to return the child to his or her home are no longer required."
A court may terminate reasonable efforts if any of six statutorily defined factors are present.[FN*]

However, there exists an "unless" clause in Family Court Act § 1039-b (b) which grants the court the authority to deny a termination of reasonable efforts motion when "the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future."
The Court of Appeals in Matter of Marino S. (100 NY2d 361 [2003]), affirmed the lower court's decision in dispensing with reasonable efforts, after a hearing, finding that reasonable efforts to reunite the family were not required when the respondents were found to have severely abused one child and to have derivatively severely abused the other two children in the home. "The law provides for a procedure by which the parent is entitled to offer evidence to contravene the agency's request to be excused for reasonable efforts at family reunification." (Id. at 371.) In Marino, a hearing was held where the respondents were given a full opportunity to present evidence in support of their contention that diligent efforts to reunite them with their children should be required.
In Matter of Edwin L. (3 Misc 3d 1108[A], 2004 NY Slip Op 50495[U] [Fam Ct, Kings County 2004]), pursuant to ACS's motion to terminate reasonable efforts, this court determined that reasonable efforts would not be in the bests interests of the child, would not likely result in reunification with his mother in the foreseeable future and would be contrary to the child's health and safety, where a finding of abuse and severe abuse pursuant to Social Services Law § 384-b (8) (a) (i) had been made against the respondent mother.
"In determining a 1039-b motion, the child's health and safety shall be paramount, pursuant to section 1039-b (c) of the Family Court Act. Accordingly, in light of Edwin's age and the severity of his injuries sustained while in his mother's care, in conjunction with the mother's obvious parental deficiencies, the danger of any reunification efforts . . . clearly outweigh[ed] any potential benefits." (Matter of Edwin L., 2004 NY Slip Op 50495[U] at *1.)
In Edwin L. this court's findings were based upon the credible evidence adduced at the evidentiary hearing, which consisted of testimony by the ACS caseworker, the agency caseworker and the respondent mother, as well as extensive documentary evidence, including the medical records of the child.
The Family Court in Matter of Jasbin H. (184 Misc 2d 23, 25 [Fam Ct, Oneida County 2000]) held:
"The Adoption and Safe Families Act requires that the court grant applications to dispense with the requirements of reasonable efforts if any of the statutory bases are present. There is an exception to this mandate. The court does not have to [*4]grant the application if the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future. (Family Ct Act § 1039-b [b].) These statutorily carved out exceptions are factual in nature and, other than in rare instances, cannot be determined upon motion papers alone. (See, Matter of Keith M., 181 Misc 2d 1012 [Fam Ct, Erie County 1999] [no hearing held where 12½-year prison sentence eliminated the possibility of reunification in the 'foreseeable future'].) Absent some extraordinary reason which compels the court to find that these statutorily defined exceptions to granting a no reasonable efforts motion are not present, the more appropriate procedure is for the court to hold a hearing. At that hearing, the burden of proof shall be on the Agency to prove by clear and convincing evidence that no reasonable efforts should be required and will also allow the respondent to prove that reasonable efforts are in the child's best interest and would likely result in reunification in the foreseeable future." (Internal quotation marks omitted.)
In Matter of Sarah B. (2003 NY Slip Op 50703[U] [Fam Ct, Kings County 2003]), the court concluded that the agency had to prove by clear and convincing evidence that one of the aggravating circumstances enumerated in the statute excused the agency from continued efforts toward reunification, which shifted the burden to the parents to come forward with some evidence to show that continued efforts at reunification were in the child's best interests, and if the parents failed to satisfy the burden, the agency could be excused from efforts without further proof, but if the parents satisfied the burden, the agency had the ultimate burden to establish that termination of parental ties was in the child's best interests.
In the instant case, ACS has established the statutorily defined factor of an aggravated circumstance in that William is a severely abused child. While the burden of coming forward to trigger the "unless" clause in Family Court Act § 1039-b is upon the respondent, the ultimate burden of proof to show that reasonable efforts are not in the child's best interests ultimately lies with the agency seeking termination of reasonable efforts. (Matter of Sarah B.)
To support its position that a hearing is unnecessary, ACS has annexed a copy of the New York Police Department (NYPD) investigation report, dated May 6, 2005, where William's mother told detectives that William did not live with her for a substantial portion of his young life; copies of William's medical reports demonstrating that he was a battered child with serious physical injuries; and William's psychiatric evaluation, conducted on June 23, 2005, demonstrating that William had suffered severe emotional and psychological trauma, with a diagnosis of posttraumatic stress disorder, in which he recounts how his mother beat him, and that reunification efforts are not in his best interests. During oral argument, ACS further relied on the mother's court ordered mental health evaluation, which was unfavorable to her.
In opposition to ACS's motion, the mother seeks to challenge her mental health reports as well as William's psychiatric evaluation by non-Spanish-speaking professionals on the grounds [*5]of inaccurate interpretation. During oral argument, counsel offered specific instances of inexact interpretation. She alleges that it was a misinterpretation of the words "oxygenated water" in her mental health study, stating that while oxygenated water in English does not necessarily convey any significant meaning, the term should have been interpreted as hydrogen peroxide, a chemical commonly used to treat wounds in Mexico. She argued that while her mental health report concluded that she showed no empathy for others—based on her hypothetical decision to leave a movie theater on fire without informing others—from the perspective of a victim of domestic violence, this decision could demonstrate a positive step in gaining self-esteem, and thus, empathy for others. She challenges ACS's reliance on the NYPD and medical reports, arguing that they were prepared in conjunction with her criminal investigation and not child protective matters. She claims William's psychiatric evaluation is stale, inasmuch as it was conducted on June 23, 2005, approximately one month after the removal. The respondent states in her affidavit that she is now attending parenting classes and domestic violence counseling, visits regularly with William's sibling, and that her psychotherapy helps her to understand how and what William felt. She insists that a hearing is necessary because the written reports do not portray her accurately, and that her Spanish-speaking experts provide a basis to further challenge ACS's documentary evidence.
Accordingly, contrary to ACS's papers and arguments, this court holds that the respondent mother has raised material factual issues that preclude this court from determining ACS's motion without holding a hearing. (Marino S., supra; Sarah B., supra; Jasbin H., supra.) Most importantly, this court needs to hear from this mother as to whether she now accepts her responsibility for inflicting, and failing to protect William from his stepfather's infliction of, serious and repeated physical abuse, as well as whether she has developed appropriate insight and empathy.

Conclusion

ACS and its foster care agencies have a statutory obligation to offer families services to assist in reunification. Inasmuch as ACS's motion has failed to establish, as a matter of law, by clear and convincing evidence, that providing reasonable efforts to this mother would not be in William's best interests, contrary to his health and safety, and would not likely result in family reunification in the foreseeable future, the respondent is entitled to a hearing where she shall have the opportunity to offer her testimony and witnesses, and cross-examine ACS's witnesses. Further, in light of William's young age and the multitude of his injuries sustained while in his mother's care, the mother shall have the opportunity to demonstrate that she has overcome her parental deficiencies to the extent that the danger of any reunification efforts here is outweighed by the potential benefits to the child.
Accordingly, the motion is adjourned for the hearing.

Footnotes

Footnote *: Family Court Act § 1039-b (b) (1) provides that "the parent of such child has subjected the child to aggravated circumstances, as defined in subdivision (j) of section ten hundred twelve of this article."