█ In the Matter of DAMION D., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MITZI E., Appellant. [839 NYS2d 852]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered November 16, 2006, which, in a proceeding pursuant to Family Court Act article 10, granted petitioner's motion for a determination that reasonable efforts to unify respondent with her child are no longer required.

In November 2006, Family Court held an evidentiary hearing on three petitions filed by petitioner which sought to terminate respondent's parental rights with respect to her two oldest children and to adjudicate respondent neglectful of her youngest child, Damion (born in 2006). At the evidentiary hearing, respondent offered no evidence and Family Court terminated her parental rights as to the older siblings based upon the testimony of petitioner's psychologist who found that respondent had limited intellectual capacity and suffered from personality problems, including panic disorder and agoraphobia with extreme emotional instability, all of which affected her ability to cope with the stresses normally associated with caring for children. Additionally, as a result of respondent's mental condition, Family Court found Damion to have been neglected by respondent. Immediately after rendition of the decision, petitioner made an oral motion pursuant to Family Ct Act § 1039-b (a) for termination of its duty to make reasonable efforts to reunite Damion with respondent. Family Court, without a hearing,

---

granted petitioner's motion. Respondent appeals from the resulting order.

Respondent failed to preserve these issues for appellate review by objecting to petitioner's oral motion or by requesting an evidentiary hearing (*see Matter of Allen v Goord*, 10 AD3d 742, 742 [2004]; *State of New York v Butti*, 304 AD2d 917, 918 [2003]). Nevertheless, under the circumstances, we will exercise our discretion and review this issue.

Family Ct Act § 1039-b (a) states in part that "the social services official *may file a motion upon notice* requesting a finding that reasonable efforts to return the child to his or her home are no longer required" (emphasis added). Thus, the statute contemplates that the motion be in writing and that the requisite period of notice be given. Petitioner's indication early in the proceeding that it may seek such a ruling is not a substitute for compliance with the requirements of the statute. Here, there is an indication found in the cross-examination testimony of petitioner's expert that with appropriate medication and treatment, respondent might attain the required parenting skills. Proper notice of the motion would have afforded respondent the opportunity to gather evidence and raise issues of fact in answering papers and prepare for an evidentiary hearing. Although the statute does not specifically direct that an evidentiary hearing be held, we conclude that the constitutional due process rights of respondent require such a hearing when genuine issues of fact are created by the answering papers (*see generally Matter of Marino S.*, 100 NY2d 361, 371 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc.*, 540 US 1059 [2003]). Although no appellate court has specifically addressed this issue, trial level courts have determined that the most appropriate procedure, when faced with such a motion, is to hold an evidentiary hearing (*see Matter of William S.*, 15 Misc 3d 669 [2007]; *Matter of Carl D.*, 195 Misc 2d 741, 745 [2003]; *Matter of Jasbin H.*, 184 Misc 2d 23, 24 [2000]). Accordingly, since Family Court failed to require petitioner's termination motion to be in writing upon appropriate notice, we reverse. In view of the foregoing, we have not considered any other issue raised by respondent in her brief.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the facts, without costs, and motion denied.