■ In the Matter of CARLOS R., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAIME S., Appellant. [879 NYS2d 829]—

Spain, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered October 1, 2008, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Carlos R. a permanently neglected child, and terminated respondent's parental rights.

Respondent (hereinafter the mother) is the mother of three children, one of whom is Carlos R. (born in 2006) (hereinafter the child). In August 2006, the child was determined to be neglected by the mother and was continued in the custody of petitioner. In December 2007, the mother was found to have permanently neglected her other two children (hereinafter the child's half-siblings) and, as to those half-siblings, her parental rights were terminated. Petitioner did not then seek to terminate the mother's parental rights as to the child reportedly because the agency, at that time, had been fostering reunification efforts with the child's father, who thereafter violated a condition of a felony treatment court and was incarcerated a week before the planned return. Ultimately, the father surrendered his parental rights to the child. In February 2008—just two months after the mother's parental rights to the child's half-siblings had been terminated involuntarily due to permanent neglect—petitioner commenced this permanent neglect proceeding against her with regard to the child. Petitioner then moved for, among other things, an order relieving petitioner from having to make reasonable efforts at reunification (*see* Family Ct Act § 1039-b [b] [6]). Family Court granted petitioner's request without a hearing. After a fact-finding hearing, the court granted the petition finding that the mother had permanently neglected the child. After the subsequent dispositional hearing at which her attorney advocated for a suspended judgment, the court terminated the mother's parental rights. The mother now appeals and we affirm.

Initially, in a permanent neglect proceeding, the petitioning agency must ordinarily demonstrate that it exercised "diligent efforts to encourage and strengthen the parental relationship" (Family Ct Act § 614 [1] [c]; Social Services Law § 384-b [7] [a]; *see Matter of Isaiah F.*, 55 AD3d 1004, 1004-1005 [2008]; *Matter of Shi'ann FF.*, 47 AD3d 1133, 1134 [2008]). However, Family Court may dispense with such requirement when "the parental

rights of the parent to a sibling of such child have been involuntarily terminated; unless the court determines that providing reasonable efforts would be in the best interests of the child . . . and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b] [6]; *see* Social Services Law § 358-a [3]; *Matter of Marino S.*, 100 NY2d 361, 372-373 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc.*, 540 US 1059 [2003]). While the mother asserts that she was entitled to a hearing on the motion, the Family Ct Act does not explicitly mandate an evidentiary hearing prior to such a determination, and this Court has only required an evidentiary hearing on a motion to excuse reasonable efforts "when genuine issues of fact are created by the answering papers" (*Matter of Damion D.*, 42 AD3d 715, 716 [2007]).

Here, contrary to the mother's contention, an evidentiary hearing was not required because her answering papers raised no genuine issues of fact with respect to the relevant allegations made by petitioner in support of the motion (*cf. Matter of Damion D.*, 42 AD3d at 716). Indeed, despite the fact that at the time of Family Court's decision on the motion the mother was in a long-term substance rehabilitation program, her consistent past history of substance abuse and failed attempts at rehabilitation, as well as other failings along the way, provided the court with a sound basis for its decision.

We next reject the mother's contention that Family Court improperly excused petitioner's reasonable efforts retrospectively, i.e., back to the prior order terminating the mother's parental rights to the child's half-siblings. Under the current statutory framework, Family Court has the authority to retrospectively and not merely prospectively excuse reasonable efforts where, as here, the criteria set forth in the statute have been met (*see Matter of Marino S.*, 100 NY2d at 372-373). While the statute does not impose a temporal limit as to how long ago the previous determination of permanent neglect—which is being relied upon—was made to absolve petitioner of its duty of diligent efforts (*see Matter of Marino S.*, 293 AD2d 223, 228-229 [2002], *affd* 100 NY2d 361 [2003]), this permanent neglect petition was filed only two months after the mother's parental rights to the half-siblings were terminated. Moreover, the record before us supports the conclusion that diligent efforts on the part of petitioner would have been detrimental to the best interests of the child (*see Matter of Marino S.*, 100 NY2d at 373).

We further reject the mother's contention that she was

entitled to a suspended judgment because she was "bonded" with the child and "made great strides in her drug treatment, as of the time of trial." At a dispositional hearing, Family Court is vested with several options, including the authority to "suspend judgment in a termination proceeding where it is in the child['s] best interests to give the parent a second chance to 'demonstrate the ability to be a fit parent' " (*Matter of Isaiah F.*, 55 AD3d at 1006, quoting *Matter of Angela LL.*, 287 AD2d 823, 824 [2001]; *see* Family Ct Act § 631 [b]). Indeed, no parent is automatically entitled to such "a grace period" (*Matter of Angela LL.*, 287 AD2d at 824), nor is there any presumption for a suspended judgment in a parent's favor (*see Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]); the sole criterion for a suspended judgment is the best interests of the child (*see* Family Ct Act § 631; *Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]).

Here, as of the time of the dispositional hearing, the mother was only six weeks into a seven-month drug rehabilitation program after her release from jail. She testified to a number of previous failed attempts to overcome her addiction to crack cocaine, and admitted failing to complete some of the treatment programs and relapsing on cocaine even after completing other programs. Additionally, the senior caseworker assigned to work with the mother testified that the mother failed to complete the Tompkins County Family Treatment Court and made virtually no efforts toward reunification with the child. Further, there was testimony that the child had not been in the mother's custody since he was two months old and that the child's foster parents were willing to adopt him along with his half-siblings, thereby providing reasonable assurance that the child would be provided with a stable and permanent home (*see Matter of Aidan D.*, 58 AD3d 906, 908 [2009]; *cf. Matter of Audrey I.*, 57 AD3d 1172, 1175 [2008], *lv denied* 12 NY3d 704 [2009]). According great deference to Family's Court determination given its opportunity to assess the credibility of the testimony (*see Matter of Laelani B.*, 59 AD3d 880, 882 [2009]), these facts, coupled with the mother's history of "persistent unwillingness to meaningfully engage in [reunification] services" (*id.* at 882), fully support the court's refusal to suspend judgment.

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.