■ In the Matter of JAMES U., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES OO., Appellant. (Proceeding No. 1.) In the Matter of JAMES U., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE OO., Appellant. (Proceeding No. 2.) [912 NYS2d 719]—

Rose, J. Appeals from two orders of the Family Court of Tompkins County (Rowley, J.), entered December 18, 2009, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate James U. to be a permanently neglected child, and terminated respondents' parental rights.

The parental rights of respondent James OO. (hereinafter the father) and respondent Michelle OO. (hereinafter the mother) to two of their other children (and to the mother's child with another person) were previously terminated in orders affirmed by this Court (*Matter of Vivian OO.*, 34 AD3d 1111 [2006], *lv denied* 8 NY3d 808 [2007]; *Matter of Vivian OO.*, 33 AD3d 1096 [2006]; *Matter of Brandon OO.*, 304 AD2d 873 [2003]; *Matter of Brandon OO.*, 302 AD2d 807 [2003]). In addition, respondents have voluntarily surrendered their parental rights to their youngest child, born in 2009. We have also affirmed an order finding that they derivatively neglected James U. (hereinafter the child), born in 2002, based on the father's sexual abuse of the child's two-year-old sister (*Matter of Vivian OO.*, 44 AD3d 1104, 1105 [2007]). Thereafter, James resided with the mother under petitioner's supervision until he was placed in foster care upon a finding that the father had unsupervised contact with the child. We then affirmed an order extending petitioner's

supervision of the mother (*Matter of James U.*, 55 AD3d 972 [2008]). After Family Court granted petitioner's motion to be released from reasonable efforts to return the child to his home, the court determined that the child was permanently neglected and, following a dispositional hearing at which a paternal aunt and her husband sought custody, terminated respondents' parental rights and freed the child for adoption. Respondents appeal and we affirm.

Initially, we reject the mother's challenge to the order excusing petitioner from making reasonable efforts at reunification. As her parental rights to the child's siblings had been involuntarily terminated, Family Court was free to excuse the reasonable efforts requirement unless it determined that providing such efforts would be in the best interests of the child, not contrary to the health and safety of the child and likely to result in reunification in the foreseeable future (*see* Family Ct Act § 1039-b [b] [6]). Given the mother's unwillingness to acknowledge the risk posed by the father or protect the child from unsupervised contact with him, we discern no basis for disturbing Family Court's order (*see Matter of Carlos R.*, 63 AD3d 1243, 1244-1245 [2009], *lv denied* 13 NY3d 704 [2009]; *see also Matter of Vivian OO.*, 34 AD3d at 1113-1114).

Nor is there merit to respondents' claims that petitioner failed to establish permanent neglect and that termination of parental rights and freeing the child for adoption were not in the child's best interests. Here, the relevant issue for determining permanent neglect was whether respondents planned for the future of the child, which required utilization of available services and the provision of a stable and adequate home environment (*see Matter of Gregory B.*, 74 NY2d 77, 87 [1989]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child" (*Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986] [internal quotation marks omitted]; *see Matter of Alaina E.*, 59 AD3d 882, 885 [2009], *lv denied* 12 NY3d 710 [2009]).

Evidence at the fact-finding hearing revealed that the mother continues to suffer from periodic mental instability due to her alcohol consumption and her failure to stay on her medication. Although she was in therapy and regularly participated in supervised visitation with the child, she had no realistic plan to provide a stable home in which the child would be protected from the father. Not only did the mother acknowledge repeated violations of the order precluding the father from having unsupervised visitation with the child, but she resumed living with the father after the child was removed and refused any

further services from petitioner. For his part, the father had not completed sex offender treatment, despite having been engaged in it since 1999. Although respondents did participate in the services offered to them, the evidence demonstrated that they failed to meaningfully benefit from those services. Moreover, their failure to express any insight into the circumstances that caused the removal supports the conclusion that they failed to substantially plan for the child's future (*see Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1447 [2010]; *Matter of Mary MM. [Leuetta NN.]*, 72 AD3d 1427, 1429 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Audrey I.*, 57 AD3d 1172, 1174 [2008], *lv denied* 12 NY3d 704 [2009]).

We also conclude that the order terminating parental rights and freeing the child for adoption has a sound basis in the record (*see Matter of Star Leslie W.*, 63 NY2d at 148; *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1189-1190 [2009]; *Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]). The evidence at the dispositional hearing established that the child has a long-standing, stable relationship with the foster parent, who is addressing the needs of the child and is willing to adopt him. The alternative offered by respondents, that the child return to the mother who would then remain separate from the father, is unrealistic and unavailing given the mother's inability to acknowledge the danger posed by the father or protect the child from him. Finally, respondents' appeal of Family Court's denial of the petition of the paternal aunt and her husband is not properly before us (*see Matter of Carol YY. v James OO.*, 68 AD3d 1463 [2009]; *Matter of Angelica VV.*, 53 AD3d at 733).

Mercure, J.P., Peters, Malone Jr. and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.