# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**132**
**CAF 11-00296**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF LILIANA G.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ORENA G., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR LILIANA
G.

---

     Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered January 10, 2011 in a proceeding pursuant to
Family Court Act article 10.  The order granted the motion of
petitioner for a determination that reasonable efforts to reunify
respondent with her child are no longer required.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Erie County, for further proceedings in
accordance with the following Memorandum:  In appeal No. 1 in this
permanent neglect proceeding with respect to respondent mother's
youngest child, the mother appeals from an order granting petitioner's
motion for summary judgment on the petition and determining that the
mother derivatively neglected the child.  In appeal No. 2, the mother
appeals from an order granting petitioner's motion for a determination
that reasonable efforts to reunite the mother and the child are no
longer required.

     We conclude at the outset that appeal No. 1 must be dismissed.
Family Court Act § 1113 provides in relevant part that such an appeal
"must be taken no later than . . . [35] days from the mailing of the
order to the appellant by the clerk of the court . . . ."  The record
establishes that Family Court mailed the order appealed from with
notice of entry to the mother and her attorney on the date of entry
(*cf. Matter of Tynell S.*, 43 AD3d 1171, 1172).  The notice of appeal,
however, was not filed until more than three months later, and thus it
is untimely (*see* § 1113; *Matter of Deandre GG.*, 79 AD3d 1384, *lv
denied* 16 NY3d 708; *see also Matter of Jennifer G.*, 190 AD2d 1095).

With respect to the order in appeal No. 2, we agree with the mother that the court erred in determining that petitioner was no longer required to use reasonable efforts to reunite the mother and the child. In its motion for such relief, petitioner alleged that the mother's parental rights with respect to two of her other children had been involuntarily terminated (*see* Family Ct Act § 1039-b [b] [6]). Although there is nothing in the record before us establishing that such an involuntary termination took place, the record indicates that the court examined its records in the proceeding involving those two other children (*see Matter of Gerald G.*, ___ AD3d ___ [Jan. 31, 2012]). Consequently, we take judicial notice of our records in that case with respect to the appeal from the order terminating the mother's parental rights with respect to those children (*see Matter of Allen v Strough*, 301 AD2d 11, 18-19; *see also Matter of A.R.*, 309 AD2d 1153). Our records establish that the mother's parental rights with respect to those children had been involuntarily terminated.

Pursuant to Family Court Act § 1039-b (b), where the parent's parental rights with respect to siblings of the subject child have been involuntarily terminated, the petitioner is not required to use reasonable efforts to reunite the parent and child "unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future." Further, "[a]lthough the statute does not specifically direct that an evidentiary hearing be held, we conclude that the constitutional due process rights of [the] respondent require such a hearing when genuine issues of fact are created by the answering papers" (*Matter of Damion D.*, 42 AD3d 715, 716; *see generally Matter of Marino S.*, 100 NY2d 361, 371, *cert denied* 540 US 1059). Here, the mother's answering papers state that a caseworker for Child Protective Services testified at a remand hearing that the child could safely be returned to the mother, and the transcript of that testimony is included in the record. In addition, when granting petitioner's motion for summary judgment on the neglect petition, the court indicated that it wished to conduct a dispositional hearing to ascertain the progress of the mother and "what she's been doing with respect to [the] child." No such hearing was held, however, and the record contains no further evidence with respect to the issues raised by the mother's answering papers. Inasmuch as the record establishes that there was a genuine issue of fact whether using reasonable efforts to reunite the mother and the child was in the child's best interests, we conclude that the court should have held a hearing before deciding petitioner's motion for a determination with respect to the reasonable efforts requirement (*cf. Matter of Carlos R.*, 63 AD3d 1243, 1245, *lv denied* 13 NY3d 704). We therefore reverse the order in appeal No. 2, and we remit the matter to Family Court for further proceedings.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court