■ In the Matter of HARMONY P., Alleged to be a Permanently Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER Q., Appellant. [944 NYS2d 810]—

McCarthy, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered July 8, 2011, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of, among others, Harmony P. (born in 2008). Petitioner commenced this permanent neglect proceeding alleging that Harmony had been in foster care since August 2008 and respondent had failed to plan for her future for at least one year.[1] During the fact-finding hearing, petitioner moved to be excused from providing diligent efforts to reunify respondent and the child, based on the termination of respondent's parental rights with regard to another child (see Family Ct Act § 1039-b [b]). Family Court granted the motion without holding an evidentiary hearing. The court ultimately found that Harmony was a permanently neglected child and, after a dispositional hearing, terminated respondent's parental rights. Respondent appeals.

Family Court did not err in granting petitioner's motion without a hearing.[2] To establish permanent neglect, petitioner was required to prove by clear and convincing evidence that respondent failed to plan for the child's future for a period of one year, despite diligent efforts on petitioner's part to strengthen the parent-child relationship (see Social Services Law § 384-b [3] [g] [i]; [7] [a]). An agency may move for an order finding that reasonable efforts to return the child to the home are no longer required based upon certain grounds (see Family Ct Act § 1039-b [a], [b]). As relevant here, reasonable efforts shall not be required where the court determines that the parent's rights to a sibling of the subject child "have been involuntarily terminated; unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely

1. Petitioner also commenced a proceeding against Harmony's mother, who subsequently surrendered her rights to the child.

2. Respondent's argument focuses only on petitioner's motion to dispense with reasonable efforts at reunification. He does not otherwise challenge Family Court's determination of permanent neglect or the disposition.

result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b] [6]). Although the statute does not require an evidentiary hearing on such a motion, courts have found that such a hearing is required by constitutional notions of due process "when genuine issues of fact are created by the answering papers" (*Matter of Damion D.*, 42 AD3d 715, 716 [2007]; *see Matter of Jaikob O. [William O.]*, 88 AD3d 1075, 1078 [2011]; *Matter of Carlos R.*, 63 AD3d 1243, 1245 [2009], *lv denied* 13 NY3d 704 [2009]).

Respondent contends that he raised genuine issues of fact requiring a hearing on the child's best interests, health and safety and the likelihood of reunification. When considering the motion, Family Court was aware of respondent's situation, from his and the family's extensive court involvement. Information regarding the child's circumstances was supplied by petitioner, and respondent had nothing to add from personal knowledge as he had not seen her during the relevant time period. The court essentially accepted many of respondent's factual assertions concerning recent changes in his circumstances, but found that his attempts at rehabilitation—which he did not complete until more than a year after the relevant time period—were belated and it was unclear whether he would abstain from improper conduct based on his recent completion of substance abuse and sexual offender treatment. Thus, the court had sufficient information before it to render a decision on this motion without holding a hearing (*see Matter of Carlos R.*, 63 AD3d at 1245).

It is undisputed that respondent's parental rights as to another child were involuntarily terminated. Pursuant to the statute, reasonable efforts were therefore unnecessary unless respondent established that the exception was met (*see* Family Ct Act § 1039-b [b] [6]; *Matter of Jacob E. [Valerie E.]*, 87 AD3d 1317, 1318 [2011]; *Matter of Sasha M.*, 43 AD3d 1401, 1402 [2007], *lv denied* 10 NY3d 702 [2008]). The record supports Family Court's determination that excusing petitioner from providing reasonable efforts would be in the child's best interests, it would not adversely affect her health or safety, and reunification was unlikely in the foreseeable future with or without such efforts (*see Matter of James U. [James OO.]*, 79 AD3d 1191, 1192 [2010]). Hence, the court did not err in granting petitioner's motion.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.