McCarthy, J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered May 10, 2013, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent’s parental rights.
Respondent is the mother of three children (born in 1999, 2003 and 2006). In a 2009 custody proceeding, the children’s grandparents were awarded custody and respondent consented to an order of protection prohibiting her from allowing her then- *1138 paramour, Ray W, to have any contact with the children until 2024. In 2011, the children were removed from the grandparents’ home and placed in petitioner’s care. After the children had been in foster care for more than a year, petitioner commenced this proceeding seeking an adjudication of permanent neglect and termination of respondent’s parental rights. Family Court granted that petition. Respondent appeals.
We affirm. To establish permanent neglect, petitioner was required to prove by clear and convincing evidence “that it made diligent efforts to strengthen the parent-child relationship and that, despite those efforts, the parent has failed to . . . substantially plan for the child[ren]’s future for one year after the agency has been charged with the child[ren]’s care,” although physically and financially able to do so (Matter of Tatianna K. [Claude U.], 79 AD3d 1184, 1185 [2010]; see Social Services Law § 384-b [7] [a]; Matter of Gerald BB., 51 AD3d 1081, 1083 [2008], lv denied 11 NY3d 703 [2008]). Petitioner created and regularly reviewed a service plan, scheduled and supervised weekly visitation, arranged for phone contact between respondent and her children, held family team meetings, offered to help respondent secure appropriate housing, provided her transportation assistance, and referred her to mental health services and an advocacy center to address her own prior experiences as a victim of sexual abuse and domestic violence. Petitioner’s caseworkers also talked with respondent at least weekly and constantly told her that the children would not be returned to her unless she ended her relationship with Ray, because he was a sex offender. While respondent now contends that petitioner should have given her detailed information regarding Ray’s history of sexual abuse, she did not ask for more details and chose to believe Ray’s version. Additionally, she had previously acknowledged that Ray was inappropriate to be around her children when she consented to the 2009 order of protection that does not expire until her youngest child turns 18. Petitioner was not required to offer or obtain a sex offender evaluation for Ray, “as petitioner’s statutory duty to encourage the parental relationship did not constitute a duty to the paramour” (Matter of Michael JJ. [Gerald JJ.], 101 AD3d 1288, 1291 [2012], lv denied 20 NY3d 860 [2013]). Thus, petitioner proved that it made the required diligent efforts that were tailored to respondent’s circumstances (see Matter of Laelani B., 59 AD3d 880, 881 [2009]).
Respondent did not substantially plan for her children’s future. To her credit, she did complete a parenting class and an anger management class, attended counseling and regularly *1139 participated in visitation. On the other hand, she did not obtain suitable housing, despite petitioner’s offer of assistance and respondent’s regular assurances that she was working on the issue. She also failed to understand or accept that Ray posed a danger to her children (compare Matter of James X., 37 AD3d 1003, 1006 [2007]). Her attitude on this subject was manifested by her persistent provision of false information to petitioner’s caseworkers about the true status of her relationship with Ray: she continuously told them that she was no longer with Ray and did not live with him, despite evidence to the contrary; when confronted with allegations that she had brought Ray to an event with the children, and posted a picture of him with the children at that event on her Facebook page, she denied the allegations and stated that someone hacked her computer accounts, created a fake photograph from separate pictures of Ray and the children, then posted that fake photo through her account; she married Ray after the children were removed and after she had been advised that she needed to end her relationship with him to regain custody of her children; and she stated that she filed for divorce when she had not, and later stated that no one could force her to get a divorce against her wishes. Given respondent’s lack of appropriate housing and her refusal to address the potential danger posed to her children by her relationship with someone who had previously been indicated for a sex offense involving a child, she failed to adequately plan for the children’s future by addressing the problems that prevented their return to her care (see Matter of Sharon V. v Melanie T., 85 AD3d 1353, 1355 [2011]; Matter of James U. [James OO.], 79 AD3d 1191, 1193 [2010]). Thus, Family Court did not err in finding that she permanently neglected her children.
Stein, J.E, Rose and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.