Matter of Y. SS. (E. SS.) (2023 NY Slip Op 05296)

Matter of Y. SS. (E. SS.)

2023 NY Slip Op 05296

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

535667
[*1]In the Matter of Y. SS., a Neglected Child. Tompkins County Department of Social Services, Respondent; E. SS., Appellant.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Christopher Hammond, Cooperstown, for appellant.
Tompkins County Department of Social Services, Ithaca (Arthur C. Stever IV of counsel), for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Tompkins County (Scott A. Miller, J.), entered May 20, 2022, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion to be relieved of its obligation to make reasonable efforts to reunite respondent with the subject child.
Respondent (hereinafter the mother) is the mother of, among others, the subject child (born in 2013). This Court recently upheld a neglect adjudication involving the child and her continued placement with petitioner, which was premised upon the mother having photographed the child in a sexually explicit manner, disseminated those photographs and agreed to involve the child in her performance of sexual services for money (211 AD3d 1390, 1391-1393 [3d Dept 2022]). Following that adjudication, petitioner moved to be relieved of its obligation to make reasonable efforts to reunite the mother with the child, citing the involuntary termination of the mother's parental rights to several of the child's siblings (see Family Ct Act § 1039-b [b] [6]). The attorney for the child supported the motion, the mother opposed and Family Court granted it without a hearing. The mother appeals.
Ordinarily, to establish permanent neglect, the petitioning agency will need to demonstrate, as relevant here, that it has made "diligent efforts to encourage and strengthen the parental relationship" (Family Ct Act § 614 [1] [c]; see Social Services Law § 384-b [7] [a]). However, an agency may move for an order finding that "reasonable efforts to return the child to his or her home are no longer required" in certain circumstances (Family Ct Act § 1039-b [a]). One such circumstance is where "the parental rights of the parent to a sibling of such child have been involuntarily terminated," unless the court further "determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b] [6]). Although the Family Ct Act "does not require an evidentiary hearing on such a motion, courts have found that such a hearing is required by constitutional notions of due process 'when genuine issues of fact are created by the answering papers' " (Matter of Harmony P. [Christopher Q.], 95 AD3d 1608, 1609 [3d Dept 2012], quoting Matter of Damion D., 42 AD3d 715, 716 [3d Dept 2007]; see Matter of Carlos R., 63 AD3d 1243, 1245 [3d Dept 2009], lv denied 13 NY3d 704 [2009]).
Petitioner's submissions detailed the mother's 30-year history of removals, neglect findings and terminations of her parental rights as a result of her failure to meaningfully address her mental health and her attendant issues with substance abuse, housing, employment and safe parenting generally. This history includes the involuntary termination of her parental rights with respect to four of the child's siblings.[FN1] Contrary to the mother's [*2]assertion, there is no temporal limitation on the terminations that may be considered on a motion pursuant to Family Ct Act § 1039-b (see Family Ct Act § 1039-b [b] [6]; Matter of Carlos R., 63 AD3d at 1245; Matter of Marino S., 293 AD2d 223, 229 [1st Dept 2002], affd 100 NY2d 361 [2003], cert denied 540 US 1059 [2003]; see e.g. Matter of Dakota Y. [Robert Y.], 97 AD3d 858, 859 [3d Dept 2012], lv denied 20 NY3d 852 [2012]; Matter of James U. [James OO.], 79 AD3d 1191, 1191-1192 [3d Dept 2010]). Thus, petitioner demonstrated prima facie entitlement to the relief requested in its motion (see Matter of Skyler C. [Satima C.], 106 AD3d 816, 818 [2d Dept 2013]; Matter of Harmony P. [Christopher Q.], 95 AD3d at 1609). Petitioner's submissions further alleged that, since Family Court's dispositional order, the mother repeatedly stated that she would not abide by the court's order and had no intent of working with petitioner toward the goal of return to parent, asserting that she had done nothing wrong with respect to the subject child. It was alleged that the mother evaded substance abuse screenings, failed to maintain communication with petitioner and denied petitioner access to her home, all in contravention of the court's order. The mother also allegedly refused to participate in phone calls with the child if the calls were supervised, missed several visits with the child and would engage in verbally inappropriate conduct toward the child's foster parents and petitioner's caseworkers.
In view of petitioner's prima facie case, it was incumbent upon the mother to raise a genuine issue of fact as to whether continuing reasonable efforts would be in the best interests of the child, not contrary to her health and safety and likely to result in reunification (see Matter of Skyler C. [Satima C.], 106 AD3d at 818; Matter of Harmony P. [Christopher Q.], 95 AD3d at 1609). The mother claimed that she had complied with the conditions imposed upon her by obtaining subsidized housing, searching for employment and "seeking further engagement in mental health services." Family Court accepted these assertions as true. Nonetheless, the court was permitted to place greater weight on the mother's consistent history of failings than upon her recent and limited compliance with some court-ordered requirements, and no hearing was necessary to further develop this evidence (see Matter of Harmony P. [Christopher Q.], 95 AD3d at 1609; Matter of Carlos R., 63 AD3d at 1245; see also Matter of Jayden QQ. [Christopher RR.], 105 AD3d 1274, 1277 [3d Dept 2013]). The mother further asserted that petitioner had been dealing with her in bad faith, citing petitioner's provision of some incorrect information to Family Court during the underlying neglect proceeding. However, those inaccuracies were timely brought to the court's attention by petitioner, and neither this nor the mother's other allegations of malintent created a genuine question as to whether petitioner was attempting to sabotage [*3]her efforts to regain custody of the child. Upon review, we find that Family Court soundly determined, without a hearing, that the
exception in Family Ct Act § 1039-b did not apply (see Matter of Harmony P. [Christopher Q.], 95 AD3d at 1609; Matter of Carlos R., 63 AD3d at 1245).
Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother relinquished custody to three of the child's other siblings via a Family Ct Act article 6 dispositional settlement in an article 10 proceeding.